O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., a minor, by and through his Guardian Ad Litem, DEE RICK, | Case No. EDCV 06-1314-VAP (JCRx) |
| Plaintiff, | **[Motion filed on August 5, 2008]** |
| v. | **ORDER GRANTING DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT AND WEST END SPECIAL EDUCATION LOCAL PLAN AGENCY'S MOTION FOR SUMMARY JUDGMENT** |
| UPLAND UNIFIED SCHOOL DISTRICT, a Local Educational Agency, West End Special Education Local Plan Agency; and Joan Reilly, in her individual capacity; and Lynda Spicer, in her individual capacity; and the Office of Administrative Hearings/OAH, | |
| Defendants. | |

   The Court has received and considered all papers filed in support of, and in opposition to, Defendants Upland Unified School District and West End Special Education Local Plan Agency's Motion for Summary Judgment.  The Motion is appropriate for resolution without oral argument pursuant to Local Rule 7-15.  The

1  hearing, currently set for October 27, 2008 at 10:00 a.m.
2  is VACATED.  For the reasons set forth below, the Court
3  GRANTS the Motion.

4
5
6                        **I. BACKGROUND**
7        When Plaintiff K.C., by and through his Guardian Ad
8  Litem, filed his complaint, he was seven years old.  (See
   Compl. ¶ 4.)  K.C. suffers from autism and requires
9  special education services under the laws of the State of
10 California and the Individuals with Disabilities
11 Education Act ("IDEA").  (See id. ¶ 11.)  K.C. was
12 enrolled in the Upland Unified School District, within
13 the West End Special Education Local Plan Area.  (See id.
14 ¶ 4.)  From June 2004 until September 2005, Plaintiff's
15 mother and several education officials met to create and,
16 later, to revise Plaintiff's Individual Education Plan
17 ("IEP"), which determined what additional services would
18 be provided to Plaintiff and who would provide them.
19 (See id. at ¶¶ 13-31.)  Following a meeting on August 22,
20 2005, disagreement arose between the parties over the
21 IEP's duration and whether a district aide or private
22 tutor would be used.  (See id. at ¶¶  29-31.)
23
24      On November 10, 2005, Plaintiff K.C. filed a "[D]ue
25 [P]rocess Request" and "Motion for Stay-Put [Order]" with
26 the California Office of Administrative Hearings ("OAH"),
27 Special Education Division.  On July 11, 2007, the OAH
28

                               2

1   Administrative Law Judge Wendy A. Weber issued a decision
2   ("OAH Decision") denying Plaintiff's Request and Motion.
3
4       Plaintiff filed his complaint ("Compl.") in this
5   Court on November 28, 2006, with the following claims:
6   (1) "for determination of stay put/temporary restraining
7   order," preliminary and permanent injunction, and for
8   "order for stay put [sic]" against Defendants Upland
9   Unified School District ("Upland USD") and West End
10  Special Education Local Planning Agency ("SELPA"); (2)
11  violation of 28 U.S.C. § 1983 against Defendants Joan
12  Reilly ("Reilly") and Lynda Spicer ("Spicer"); (3)
13  "violation of § 504 [sic]" against Defendants Upland USD
14  and SELPA; (4) "denial of [D]ue [P]rocess" against
15  Defendant OAH; and, (5) "denial of Individuals with
16  Disabilities Education Act ("IDEA") stay-put" against
17  Defendants Upland USD and SELPA.
18
19      Plaintiff filed his First Amended Complaint ("First
20  Am. Compl.") on April 30, 2007 listing the following
21  claims: (1) "denial of [D]ue [P]rocess rights" against
22  Defendant OAH; (2) "for order reversing and enjoining
23  existing OAH order for stay-put [sic]" against Defendants
24  Upland USD, OAH, and SELPA; and (3) for preliminary and
25  permanent injunction against Defendants Upland USD and
26  SELPA.
27  ///
28

3

On October 11, 2007, Plaintiff filed a motion for
leave to file a Second Amended Complaint.[1]  On November
16, 2007, the court granted Plaintiff's motion and
Plaintiff filed said document on that date.  The Second
Amended Complaint asserts the following claims: (1) "for
order enjoining existing stay-put order" and for
preliminary and permanent injunction against Defendants
Upland USD and SELPA; (2) "for denial of due process
rights" against Defendant California Department of
Education ("Cal. DoE"); (3) "for violation of section 504
[sic]" against Defendants Upland USD and SELPA; (4) for
violation of 28 U.S.C. §  1983 against Defendants Reilly
and Spicer; (5) "for reversal of due process decision"
against Defendants Upland USD and WELPA; (6) for
attorney's fees and costs against Defendants Upland USD
and WELPA.  On January 16, 2008, the Court dismissed
Plaintiff's fourth claim and Defendants Reilly and Spicer
from the action.

On August 5, 2008, Defendants[2] filed their Motion for
Summary Judgment ("Mot."), a Statement of Uncontroverted
Facts, ("Def.'s SUF"), a proposed Order, a Request for

---

[1] Plaintiff should have captioned the pleading as a
"Second Amended and Supplemental Complaint" because it
attempted to assert claims which had arisen after the
filing of the original Complaint.  <u>See</u> Fed. R. Civ. P.
15(d).

[2] For ease of reference, Defendants Upland USD and
WELPA are referred to collectively in this Order as
"Defendants."

4

1  Judicial Notice, the Declaration of Rosie Ruiz ("Ruiz

2  Decl."), and the Declaration of Brian Sciacca ("Sciacca

3  Decl.").  Defendants move for summary judgment on

4  Plaintiff's first, third, fifth and sixth causes of

5  action.  Plaintiff filed his Opposition to Defendants'

6  summary judgment motion ("Opp'n"), a Statement of Genuine

7  Issues of material fact (Pl.'s SGI), and the Declaration

8  of Tania Whiteleather ("Whiteleather Decl.") on August

9  28, 2008.  Defendants filed their Reply on September 8,

10 2008.

11

12     On September 10, 2008, the Court issued an Order

13 requiring supplemental briefing on three issues not

14 addressed in the parties' papers.[3]  Defendants filed

15 their supplemental brief ("Supp. Mot.") on September 17,

16 2008.  Plaintiff neglected to file any opposition to

17 Defendants' supplemental brief.

18 ///

19 ///

20

21 _____

22     [3] The Court ordered the parties to submit
   supplemental briefing on the following issues:
   "(1) Whether Plaintiff was required to exhaust his

23 remedies as to his Section 504 claim before the OAH as a
   prerequisite to filing a claim in the U.S. District

24 Court, and if so, whether he did so exhaust;
   (2) Whether an OAH's ruling on an IDEA claim has a

25 preclusory effect in future proceedings before the U.S.
   District Court on a Section 504 claim;

26 (3) Whether attorneys fees are available on a Section 504
   claim when the party seeking the fees did not prevail

27 before the OAH in his IDEA claim."  (See Order dated
   September 10, 2008.)

28

## II. LEGAL STANDARD

A motion for summary judgment shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." <u>Anderson</u>, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. <u>Margolis v. Ryan</u>, 140 F.3d 850, 852 (9th Cir. 1998); <u>Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.</u>, 707 F.2d 1030, 1033 (9th Cir. 1983).  The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case.  <u>Celotex</u>, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case.  <u>Id.</u>

1    The burden then shifts to the non-moving party to
2    show that there is a genuine issue of material fact that
3    must be resolved at trial.  Fed. R. Civ. P. 56(e);
4    Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256.  The
5    non-moving party must make an affirmative showing on all
6    matters placed in issue by the motion as to which it has
7    the burden of proof at trial.  Celotex, 477 U.S. at 322;
8    Anderson, 477 U.S. at 252.  See also William W.
9    Schwarzer, A. Wallace Tashima & James M. Wagstaffe,
10   Federal Civil Procedure Before Trial § 14:144.

11

12          **III. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**
13       The Court grants Defendants' request for judicial
14   notice of the Final Administrative Decision ("OAH
15   Decision") issued by the OAH Administrative Law Judge.
16   Fed. R. Evid 201.  The Court does not take judicial
17   notice of the facsimile cover sheet or the transmission
18   confirmation page, although it considers them as evidence
19   sufficiently authenticated by the Ruiz Declaration.

20

21            **IV. UNCONTROVERTED FACTS[4]**
22       The following material facts are supported adequately
23   by admissible evidence and are uncontroverted.  They are

24

25

26   _____
27       [4] Defendants limit their Motion to facts pertaining
     to whether or not Plaintiff filed his case within the
     applicable statute of limitations period.  (See Mot.)
28   The Court limits the scope of this Order accordingly.

7

"admitted to exist without controversy" for the purposes
of this Motion.   <u>See</u> Local Rule 56-3.

On November 10, 2005, Plaintiff K.C. filed a request
for a Due Process hearing and a motion for a "stay-put"
Order[5] with the California Office of Administrative
Hearings ("OAH"), Special Education Division.  (<u>See</u> OAH
Decision at 1; Def.'s SUF ¶ 1.)

On July 11, 2007, OAH Administrative Law Judge Wendy
A. Weber issued a final administrative decision.  (<u>See</u>
OAH Decision; Def.'s SUF ¶ 3-4.)  The decision was served
on all parties by facsimile and U.S. mail on July 11,
2007.  (<u>See</u> Def.'s SUF ¶ 4.)

In this civil action, Plaintiff first sought leave to
amend his pleading to add a claim seeking reversal of the
OAH decision on October 11, 2007, ninety-two days after
July 11, 2007.  (<u>See</u> Def.'s SUF ¶ 6; Pl.'s SGI ¶ 1.)
After the Court granted Plaintiff's Motion, Plaintiff
///

---

[5] Title 20 U.S.C. § 1415 (j) defines a stay-put order
("Maintenance of current education placement") as
follows: "Except as provided in subsection (k)(4) of this
section, during the pendency of any proceedings conducted
pursuant to this section, unless the State or local
educational agency and the parents otherwise agree, the
child shall remain in the then-current educational
placement of the child, or, if applying for initial
admission to a public school, shall, with the consent of
the parents, be placed in the public school program until
all such proceedings have been completed."

filed his Second Amended Complaint on November 16, 2007. (<u>See</u> Second Am. Compl.)

Since either July or September 2007,[6] Plaintiff has enrolled in another school district within a different SELPA and has agreed to implementation of an IEP developed by that new school district.  (<u>See</u> Def.'s SUF ¶ 7; Pl.'s SGI ¶ 9.)

## VI. DISCUSSION

### A.  Plaintiff's Fifth Claim, for Reversal of Due Process Decision

Defendants contend that Plaintiff failed to file his appeal timely from the OAH Decision.  (Mot. at 5.)  They argue this claim must be dismissed for failure to file it within the appropriate statute of limitations period. (<u>Id.</u>)

Plaintiff was required to file his appeal no later than ninety days from his "receipt of the hearing decision."  Cal. Educ. Code § 56505(k).  It is undisputed that Plaintiff "filed" his appeal ninety-two days after ///

---

[6] Plaintiff's SGI ¶ 9 states, "KC has been attending school in another school district since <u>July</u>, 2007" whereas Plaintiff's Memorandum and Points of Authorities states, "Plaintiff acknowledges that, as of <u>September</u>, 2007, he was enrolled in a program in another school district."

1    his receipt of the hearing decision.[7]  (Def.'s SUF ¶ 6;

2    Pl.'s SGI ¶ 1.)  Based on these undisputed material

3    facts, Defendants are entitled to judgment as a matter of

4    law on this issue.

5

6        In its January 16, 2008, Order ruling on Defendants'

7    Motion to Dismiss, which neither party addressed here,

8    the Court ruled:

9        "[A] California regulation appears to set forth

10       the proper manner of transmitting hearing

11       decisions and other documents related to the

12       special education due process hearings.  See

13       Cal. Code. Regs. tit. 5, § 3038.  The regulation

14       does not require a party's consent to receive

15

16       _____

17       [7] As stated above, Plaintiff filed a Motion on
     October 11, 2007 seeking leave to amend his First Amended
18   Complaint in order to add a claim seeking reversal of the
     OAH decision.  The Court granted the motion on November
19   16, 2007 and Plaintiff filed his Second Amended Complaint
     on that date.

20       As it is not in dispute between the parties, the
     Court views Plaintiff's Second Amended Complaint,
21   specifically the "appeal" from the OAH decision, as
     constructively filed on October 11, 2007.  Based on that
22   date, Plaintiff's filing was two days late to satisfy the
     ninety-day Statute of Limitations period.  The ninetieth
23   day fell on October 8, 2007, which was a Court holiday,
     so Plaintiff had to file his appeal from the OAH Decision
24   by at least October 9, 2007 to be timely.

25       The "appeal" claim involved "events different from
     those involved in the original action," namely, that the
26   OAH Administrative Law Judge issued her final decision;
     the relation-back principle of Rule 15 of the Federal
27   Rules of Civil Procedure does not apply.  See, e.g.,
     William Inglis & Sons Baking Co. v. ITT Continental
28   Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981).

electronic communications, nor does it provide an
extension of time to respond to such communications, as
Plaintiff asserts.  Instead, the regulation provides:

> '[S]ervice of notice, motions, or other
> writings pertaining to special education due
> process hearing procedures to the California
> Special Education Hearing Office and any other
> person or entity are subject to the following
> provisions:
>
> (a) The notice, motion, or writing shall be delivered
> personally or sent by mail or other means to the
> Hearing Office, person, or entity at their last known
> address and, if the person or entity is a party with
> an attorney or other authorized representative of
> record in the proceeding, to the party's attorney or
> other authorized representative.
>
> (b) Unless a provision specifies the form of
> mail, service or notice by mail may be by first-
> class mail, registered mail, or certified mail,
> by mail delivery service, <u>by facsimile</u>
> <u>transmission if complete and without error</u>, or
> by other electronic means as provided by
> regulation, <u>in the discretion of the sender</u>.'
> Cal. Code Regs. tit. 5, § 3038 (emphasis added)."

1    The Regulation does not allow for an extension of

2 time, based on method of service, to the 90 day statute

3 of limitations period.  Cal. Code Regs. tit. 5, § 3038.

4 The parties fail to address this Regulation in their

5 papers.  The Court finds the Regulation dispositive of

6 the issue and rejects Defendants' and Plaintiff's

7 arguments about the applicability of 20 U.S.C. §

8 1415(h)(4)[8] or California Code of Civil Procedure

9 ("C.C.P.") § 1013(e).[9]

10

11    As the Regulation is of parallel construction and

12 relates to Cal. Gov. Code § 11440.20(b) ("Unless a

13 provision specifies the form of mail, service or notice

14

15    _____

16    [8] Plaintiff argues that the IDEA, 20 U.S.C. §
1415(h)(4), preempts Cal. Gov. Code § 11440.20(b).
(Opp'n at 4.)  Plaintiff contends that the state law
17 allows additional methods of service that the federal law
does not, namely service by facsimile.  Id. at 3
18 ("Pursuant to federal law, all due process IDEA
administrative decisions are to be mailed to the parties.
19 No other manner of service is authorized.")  The Court
has reviewed 20 U.S.C. § 1415(h)(4) and finds no such
20 requirement.  In fact, that section makes no reference to
any required manner of service, besides noting that
21 opinions must be in writing.  See 20 U.S.C. § 1415(h)(4).
The Court finds Plaintiff's argument without merit.

22

23    [9] Plaintiff argues he did not consent to service by
facsimile as he alleges is required by the California
24 Code of Civil Procedure ("C.C.P.") § 1013(e).  Plaintiff
presents declarations of Tania Whiteleather and Dee Rick
25 as evidence that Plaintiff did not consent to service by
facsimile.  (See Whiteleather Decl. ¶ 2; Rick Decl. ¶ 2.)
26 Plaintiff also argues that he should be allotted two
extra days to the ninety day statute of limitations for
27 two reasons: (1) the facsimile service of the OAH
Decision; and, (2) Plaintiff did not file a notice of
28 appeal, but rather a civil action.  (Opp'n at 6-7.)

1   by mail may be ... by facsimile transmission if complete
2   and without error ... in the discretion of the sender."),
3   the Court considers the parties' arguments regarding the
4   nature of the service of the OAH Decision.

5

6       Defendants argue service of the OAH Decision upon
7   Plaintiff was complete and proper. (Mot. at 6.) They
8   offer the declaration of Rosie Ruiz, a clerk at the
9   California Office of Administrative Hearings, in support
10  of this argument. (See Ruiz Decl. ¶ 3 ("On July 11,
11  2007, I served via facsimile, a copy of the [OAH]
12  Decision ... on the attorneys of the parties to the
13  action via both mail and facsimile transmission.").)
14  Plaintiff argues, in contrast, that the Ruiz Decl. proves
15  the incompleteness of the service of the OAH Decision.
16  (Opp'n at 5.)

17

18      At the time it ruled on Defendants' Motion to
19  Dismiss, the Court considered only the facts stated on
20  the face of the Complaint. (See Order dated January 16,
21  2008.) The Court found the date of Plaintiff's receipt
22  of the OAH Decision "not apparent from the face of the
23  [Complaint]." (Id.) On summary judgment, however, the
24  Court is not limited to the pleadings and considers all
25  admissible evidence. The Ruiz and Whiteleather
26  Declarations, taken together, show Plaintiff received the
27  OAH Decision by facsimile on July 11, 2007. When filing
28

13

the original proof of service, Ruiz "inadvertently neglected to include the fax transmission report." (Ruiz Decl. ¶ 3.)

Ruiz's admitted oversight did not render the service of the OAH Decision "incomplete." There is no evidence that the copy of the OAH Decision received by Plaintiff was lacking or incomplete in any way; only the certificate of service was incomplete. The essential function of service is to provide notice (see, <u>e.g.</u>, <u>Henderson v. U.S.</u>, 517 U.S. 654, 671-72 (1996), and that function was fulfilled here. Plaintiff received notice by facsimile on July 11, 2007. <u>See</u> Whiteleather Decl. ¶ 3.

Plaintiff had no additional time beyond the 90 days allowed to appeal the OAH Decision. It is uncontroverted that Plaintiff did not even seek leave to amend his complaint until ninety-two days had elapsed after the OAH Decision was served on Plaintiff. Plaintiff's fifth claim is untimely and Defendants are entitled to judgment as a matter of law.

///
///
///
///
///

**B.   Plaintiff's First Claim, for an Order Enjoining Existing Stay-Put Order and for Preliminary and Permanent Injunction**

In his opposition to Defendants' Motion, Plaintiff states, "Plaintiff hereby withdraws his request for a stay-put order in this matter." (Opp'n at 8.)  The Court understands this statement to mean Plaintiff seeks to withdraw his first claim entirely.  In any event, the claim is moot due to Plaintiff K.C.'s enrollment in a new school district.

**C.   Plaintiff's Third Claim, for Violation of Section 504 of the Rehabilitation Act of 1973**

Defendants argue that Plaintiff's third claim should be dismissed because it does nothing other than raise Plaintiff's untimely appeal from the OAH Decision through a new statutory vehicle, § 504 of the Rehabilitation Act. (Mot. at 11)  It is undisputed that Plaintiff did not raise his § 504 claim before the Administrative Law Judge.

The IDEA states:
"Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973 [including § 504], or

other Federal laws protecting the rights of children
with disabilities, except that before the filing of a
civil action under such laws seeking relief that is
also available under this subchapter [Assistance for
Education of All Children with Disabilities], the
procedures under subsections (f) [Impartial Due
Process Hearing] and (g) [Appeal Procedures] of this
section shall be exhausted to the same extent as
would be required had the action been brought under
this subchapter." 20 U.S.C. § 1415(l) (internal
citations omitted).

Although parents and disabled children may bring
claims under federal laws other than the IDEA for
education-related injuries, the IDEA exhaustion
requirements must be met if the claims "seek relief that
is also available under" the IDEA.  20 U.S.C. § 1415(l);
Kutasi v. Las Virgenes Unified School Dist., 494 F.3d
1162, 1167 (9th Cir. 2007); Blanchard v. Morton Sch.
Dist., 420 F.3d 918, 920 (9th Cir. 2005).

In Mark H. v. Lemahieu, 513 F.3d 922, 928 (9th Cir.
2008), the Ninth Circuit held that § 504 of the
Rehabilitation Act and the IDEA are related statutes that
provide different remedies: the IDEA provides injunctive
relief and § 504 provides monetary damages.  "For the
purposes of exhaustion, relief that is also available
under the IDEA does not necessarily mean relief that

16

1  fully satisfies the aggrieved party.  Rather, it means
2  relief suitable to remedy the wrong done the plaintiff,
3  which may not always be relief in the precise form the
4  plaintiff prefers."  <u>Blanchard v. Morton School District</u>,
5  420 F.3d 918, 921 (9th Cir. 2005) (internal quotations
6  omitted) (citation omitted).

7

8      The technical difference of remedies available under
9  each statute does not render the statutes sufficiently
10  different that relief under § 504 is not "available
11  under" the IDEA.  Based on the face of 20 U.S.C. §
12  1415(l), Congress intended to subject § 504 claims to the
13  same exhaustion requirements as IDEA claims.  <u>See</u> 20
14  U.S.C. § 1415(l).

15

16      Other courts have reached this conclusion as well.
17  <u>J.W. ex rel. J.E.W. v. Fresno Unified School Dist.</u>, – F.
18  Supp. 2d –, 2008 WL 2698647 at *2 (E.D. Cal. 2008)
19  ("Plaintiff must exhaust his administrative remedies
20  before bringing federal claims regarding a denial of
21  publicly funded special education under the IDEA and
22  Section 504."); <u>see also</u> <u>Babicz v. School Bd. Of Broward</u>
23  <u>County</u>, 135 F.3d 1420, 1422 (11th Cir. 1998); <u>Hope v.</u>
24  <u>Cortines</u>, 69 F.3d 687 (2nd Cir. 1995); <u>Charlie F. by Neil</u>
25  <u>F. v. Board of Educ. Of Stokie School District 68</u>, 98
26  F.3d 989 (7th Cir. 1996).  Plaintiff's failure to exhaust
27  his § 504 claim before the OAH strips the Court of
28

1   subject matter jurisdiction over his § 504 claim.  <u>Accord</u>

2   <u>J.W. ex rel. J.E.W.</u>, 2008 WL 2698647 at *2.  There is no

3   triable issue of fact on this claim and Defendants are

4   entitled to judgment as a matter of law.

5

6   **D.   Plaintiff's Sixth Claim, for Attorney's Fees and**

7   **Costs**

8        Plaintiff is not a prevailing party on any claim

9   raised before the Court.  Thus, Plaintiff's claim for

10  attorney's fees and costs fails.  <u>See</u> 20 U.S.C. §

11  1415(i)(3)(B); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433

12  (1983) ("plaintiffs may be considered prevailing parties

13  for attorney's fees purposes if they succeed on any

14  significant issue in the litigation which achieves some

15  of the benefit the parties sought in bringing suit."

16  (internal quotations omitted) (citation omitted)); <u>see</u>

17  <u>also</u> <u>Gellerman ex rel. Gellerman v. Calaveras Unified</u>

18  <u>School Dist.</u>, 43 Fed. Appx. 28 (9th Cir. 2002) (district

19  court did not abuse its discretion in refusing to award

20  attorney's fees, under IDEA, to disabled student and his

21  parent, because they did not prevail on any issue in

22  action).

23  ///

24  ///

25  ///

26  ///

27  ///

28

1

**VII. CONCLUSION**

2

    For the foregoing reasons, Defendants' Motion for

3

Summary Judgment is GRANTED.

4

5

**IT IS SO ORDERED.**

6

7

Dated:   October 7, 2008

8

                VIRGINIA A. PHILLIPS

9

          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28